**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:11-CR-00437** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE NUGENT** |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE VECCHIARELLI** |
| | ) | |
| **ANTHONY O. CALABRESE, III, et al.,** | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **GOVERNMENT'S REQUEST TO** |
| **DEFENDANTS.** | ) | **TRANSFER VENUE** |

**INTRODUCTION**

The government filed a Notice of Related Case (Doc. 5) asking the Court to transfer this case from Cleveland to Akron so that it may be tried by Judge Lioi. Defendant Anthony O. Calabrese, III ("Calabrese") joins his co-defendant Sanford A. Prudoff (*see* Doc. 8) and opposes the government's request to change venue because the government has not met its burden under Fed. R. Crim. P. 18. Under Rule 18, the only factors to consider when determining venue are the convenience of the defendant, "victim," and witnesses, and the prompt administration of justice. The government cannot overcome the fact that these factors all weigh heavily in favor of maintaining venue in Cleveland. The defendant is located in Cuyahoga County. The alleged "victims" are claimed to be local governments and citizens located in Cuyahoga County. Most, if not all, of the witnesses will reside in Cleveland or Cuyahoga County. And most of the lawyers, government agents, and other interested parties have their places of business in Cuyahoga County as well. For these reasons alone, the government's request to transfer venue should be denied.

During a pretrial conference on October 4, 2011, the Court requested that Calabrese also address LCrR 57.9, which allows for a "related case" to be transferred. Specifically, because

LCrR 57.9 does not offer an express definition of "related case," the Court requested Calabrese's view of what that term means. As a threshold matter, however, LCrR. 57.9 cannot violate Fed. R. Crim. P. 18. And nothing in LCrR 57.9 suggests that the Court may transfer a case to a new venue because it is "related" to another case. The Court could not do so without first determining that the change of venue satisfies Rule 18. But even if Rule 18 were satisfied, this case is not "related" to the cases cited by the government because trying these cases before the same judge would not create substantial judicial efficiency and only a small number of the charges against Calabrese overlap with those against the other defendants.

## LAW AND ARGUMENT

**I.    Change of venue from Cleveland to Akron is not supported by Rule 18.**

    **A.    The Rule 18 factors weigh in favor of venue in Cleveland.**

The analysis of the proper venue for a trial begins and ends with Rule 18. Rule 18 has two parts. The first sentence addresses the proper district in which a prosecution should take place: the government must prosecute "in a district where the offense was committed." The second sentence addresses the proper place to try a case *within* the proper district.[1] It requires the Court to "set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses" and allows consideration of "the prompt administration of justice."

The venue rules protect a defendant's constitutional rights under the Fifth and Sixth Amendments. They function "to safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place." *United States v. Cores*, 356 U.S. 405, 407 (1958). The

---

[1] The government may argue that moving a case within a division is not a change of venue. This is belied by the plain language of Rule 18. It also is undermined by the fact that a change from Cleveland to Akron means a change in the jury pool. As a practical matter, even an intradivision transfer of location is just like any other change of venue.

2

venue rules work to prevent the government from manipulating the forum in which it prosecutes citizens. Thus, Rule 18 mandates which district the government must choose (where the offense was committed) and does not permit the Court to consider the government's preference or convenience as a factor when choosing the proper location within the district. Fed. R. Civ. P. 18.

The government moved to change venue from Cleveland to Akron. As the moving party, the government carries the burden to satisfy Rule 18. It cannot do so here.

All of the Rule 18 factors weigh heavily in favor of keeping the trial in Cleveland:

1. The defendant, Calabrese, lives and works in Cuyahoga County.

2. The alleged victims are local governments in or adjacent to Cuyahoga County and their citizens.

3. Nearly all of the likely witnesses live or work in Cuyahoga County.

The Akron courthouse is 40 miles from the Cleveland courthouse. It is not convenient for the defendant, victim, or witnesses. Furthermore, to the extent it matters, the events alleged in the indictment took place in Cuyahoga County and concern Cuyahoga County residents. Most of the lawyers involved work or live in Cuyahoga County, presumably as do most of the government's investigators, agents, and support personnel.[2]

By contrast, there is nothing in this case that relates to Akron or that allegedly took place in Akron. *See United States v. Lipscomb*, 299 F.3d 303, 339 (5th Cir. 2002) (reversing intradistrict transfer where "[n]ot a single event occurred outside" the initial location of the trial). There is no nexus between this case and Akron. The only reason this issue even arises is because the government is attempting to pick its forum, which is not allowed by Rule 18 and violates

---

[2] The "prompt administration of justice" factor of Rule 18 means that the choice of venue must comport with the Speedy Trial Act. *See United States v. Lipscomb*, 299 F.3d 303, 341 (5th Cir. 2002). This is not a substantial issue here, though it also would favor Cleveland, given the fact that the case already is before this Court and the parties are fully engaged here.

Calabrese's constitutional rights to a fair trial. The government has not (and cannot) meet its burden to show that a change of venue is proper under Rule 18.

**B.     Calabrese cannot be forced to accept a change in venue.**

The change of venue from Cleveland to Akron would cause Calabrese to be tried before a different jury pool than the one to which he is entitled. *See* Juror Selection Plan (N.D. Ohio Jan. 12, 2010).[3] The Sixth Amendment gives Calabrese the right to an impartial jury. U.S. Const. amend. VI. Consistent with this right, the Federal Criminal Rules allows the defendant, not the prosecutor, to seek a venue change to avoid prejudice. *See, e.g.*, Levenson, *Change of Venue and the Role of the Criminal Jury*, 66 S. Cal. L. Rev. 1533, 1543 (1993) ("The law assumes that the prosecution can obtain justice in any venue that provides a fair, untainted trial."). Under the venue rules, in almost every circumstance, a defendant "cannot be forced to accept a change of venue against his will." *United States v. Hegge*, 636 F. Supp. 119, 128 (E.D. Wash. 1986). *See also* Kafker, *The Right to Venue and the Right to an Impartial Jury*, 52 U. Chi. L. Rev 729, 749 (1985) (Rules 18 and 21 "limit the right to move for a change of venue to the defendant himself").

Permitting the government to choose a new forum, over the objection of Calabrese and Prudoff, would violate Rule 18 and their constitutional rights. It also places them before a jury that is not comprised of "those who know the local conditions surrounding the criminal acts and who should thus be able to draw the most accurate inferences from the evidence presented at trial." *United States v. Flaxman*, 304 F. Supp. 1301, 1303 (S.D.N.Y. 1969) (indictment

---

[3] Although a defendant does not have an absolute constitutional right to trial in a particular location, *United States v. Erwin*, 155 F.3d 818, 824 (6th Cir. 1998), venue selection, like all portions of trial proceedings, must be consistent with fundamental fairness under the Due Process Clause of the Fifth Amendment. *See, e.g.*, *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *California v. Trombetta*, 467 U.S. 479, 485 (1984).

dismissed for improper venue in violation of Rule 18 and Sixth Amendment). The Court should reject the government's efforts to select its preferred judge and jury by denying its request for transfer. *See United States v. Burns*, 662 F.2d 1378, 1383 (11th Cir. 1981) (reversing for failure to properly apply Rule 18).

**II.     Local Rule 57.9 does not authorize change of venue unless Rule 18 is satisfied.**

The government is attempting to use LCrR 57.9 to make an end-run around Rule 18. Local Rule 57.9, however, does not suggest that it authorizes a change of venue without first satisfying Rule 18. And the Court should not permit the government to use LCrR 57.9 as a vehicle to shop for its preferred forum.

Local Rule 57.9 must be consistent with and must conform to federal law and the Federal Rules of Criminal Procedure. Fed. R. Civ. P. 57(a)(1). Thus, LCrR 57.9 cannot authorize something that is forbidden by Rule 18. As described above, moving from Cleveland to Akron is not consistent with Rule 18.[4] Regardless of what LCrR 57.9, read in a vacuum, might permit, because Rule 18 does not authorize the transfer, the government's request should be denied.

**III.    Even if Rule 18 were satisfied, this is not a "related case."**

   **A.      Local Criminal Rule 57.9**

Local Criminal Rule 57.9(b)(3) reads as follows:

> <u>Related cases</u>. A case may be re-assigned as related to an earlier assigned case with the concurrence of both the transferee and the transferor District Judges. The United States Attorney's Office shall, in any case which is, or might be considered, related to another case, file a motion/notice with both District Judges advising the Court of the relationship. A new violation resulting in a federal indictment or information may be considered related to the previously filed case. The United States Attorney's Office shall notify the Court pursuant to this paragraph.

---

   [4] Local Rule 57.9 may permit transfer from one judge to another within the same courthouse, but that is different from moving a criminal case to a new city and a new jury pool.

5

Because the term "related case" is not defined in the rule, the Court requested Calabrese's view on what that term means. It is important to note, as discussed in Part B, *supra*, that nothing in this language suggests that transfer of a related case from one judge to another authorizes transfer from one location to another. And nothing suggests that a location change can occur without first satisfying Rule 18. Outside of that point, the language of LCrR 57.9 itself is unenlightening regarding what it means for cases to be "related."

The Court's docketing form may shed some additional light on what the rule may mean. It reads as follows:

> This is a related case in that:
>
> a. This indictment is returned against a defendant(s) who is pending trial or sentencing or is on probation or supervised release (Judge and Case No. below), and this new case involves only the said defendant(s); OR
>
> b. This criminal prosecution arises out of the same criminal transaction or series of criminal transactions as are charged in Case No. _____ Judicial Officer _____.

Part a is inapplicable here. Part b suggests that a related case includes a case arising out of the same criminal transaction(s), but it adds little else. Read together, and as informed by the rules of other courts (see below), it is clear that the primary reason for the rule is to promote judicial efficiency. If the defendants in both cases are the same, they are related. If the criminal act is the same, they are related. A review of related cases rules from other district courts offer some additional understanding of what the term might mean.

### B.     Other Courts' Local Rules shed more light.

Several other district courts have rules regarding related cases. First, it is noteworthy that none of the rules contemplate changing the location of a trial. Second, several courts' rules are more detailed, and thus more faithful to the principles of the Sixth Amendment.

6

The Eastern District of New York, for example, considers a case related if the factual and legal issues are similar or if the cases arise from the same transactions, but only if "a substantial saving of judicial resources is likely to result from assigning both cases to the same judge." E.D.N.Y. L.R. 50.3(a). It then builds in additional protections for criminal cases. Criminal cases are related only when (1) a superseding indictment is filed, (2) another indictment is filed against the same defendant, or (3) when the defendant requests it. E.D.N.Y. L.R. 50.3(c). In all other circumstances, a party must show that a "substantial saving of judicial resources" is likely to result. *Id.*

Several other courts similarly stress that the primary reason for a related case rule is to serve judicial efficiency. *See, e.g.*, E.D. Cal. Gen. L.R. 123(b) (cases are related where there are similar issues of law and fact and "their assignment to the same judge . . . is likely to effect a substantial savings of judicial effort"); N.D. Cal. L. Cr. R. 8-1(b) (cases related where "[b]oth actions appear likely to entail a substantial duplication of labor if heard by different judges or might create conflicts and unnecessary expenses if conducted before different judges"); E.D.N.C. 50.1 (same)

Other courts are even more circumspect of relating one criminal case to another. The Northern District of Illinois only permits cases to be related if "all of the defendants named in each of the cases are the same and none of the cases includes defendants not named in any of the other cases." N.D. Ill. L. Cr. R. 50.1. *See also* N.D. Ind. L. Cr. R. 13.1 (related case only when there is superseding indictment or new indictment against same defendant); W.D. Mich. L. Cr. R. 56(d)(iii)(A) (same); D.S.D. L.R. 1.1 (same). Similarly, the District Court of Arkansas is emphatic that it will not permit criminal cases to be related unless they can be consolidated. "In

7

<u>no event shall any criminal case or proceeding be directly assigned to a judge as a related case.</u>"
D.Ark. Local Rule 39(d) (emphasis in original) (motions for consolidation are permitted).

A few general principles can be drawn from this survey of the local rules of this and other courts (including some not cited here). In almost every district court that has a rule, cases are related when they involve (1) a superseding indictment against the same defendants; (2) a new indictment of the same defendants; or (3) the same property. Some courts also consider cases to be related when they arise out of the same transaction or event, but only if relating the cases would save substantial judicial resources. (A few courts, including this one, may not expressly require a substantial saving of resources, but there is little justification for relating cases to each other absent that fundamental benefit.) And at least five courts that have related cases rules do not permit relation of cases unless they essentially can be consolidated into a common trial.

      **C.**    **As commonly understood, these cases are not "related."**

With those concepts in mind, and even assuming that the government satisfied Rule 18, this case in not related to the cases cited by the government (*see* Doc. 5). First, it is evident from the other local rules that the Court should be reluctant to relate criminal cases except in extraordinary situations. Several sister courts would not even consider the government's request here. The public policy reasons underlying Rule 18 dictate such circumspection. The Court should not be in the habit of routinely allowing the government to select its forum—indeed, its judge—without providing significant reasons why treating the cases as related is important and at the same time does not prejudice the defendant.

Second, the only circumstance in which different defendants can be considered to have related cases is when their indictments arise from the same criminal transaction with the same

legal and factual issues. What the government has done here is argue that because there are minor overlaps between this case and several other cases, this case should be transferred to Akron with those other cases. *See* Doc. 5. The government does not suggest that this case is related to any one of the other cases, only that by accumulating everything in all of these lengthy, multi-count indictments the cases taken together are "related." This is not contemplated by this Court's rule or any other court's rule.

In any event, the indictment of Calabrese is a stand-alone indictment. The government essentially argues that a change of venue is warranted here merely because its investigation of other defendants led to investigation of Calabrese and his co-defendant. *See* Doc. 5 at 2. But this is not enough. The government has not shown sufficiently that this case arises from the same criminal transaction as the other cases.

Third, transfer of a case under the related case rule should occur only if it substantially promotes judicial efficiency. The government has not carried its burden to show that transferring the case from Cleveland to Akron does so. If anything, for the reasons described above, it is far more efficient to keep this case in Cleveland. Furthermore, there is nothing about this case that suggests that a judge needs specialized knowledge in order to properly adjudicate it. This case will have its own jury; its own evidentiary issues; its own legal questions; its own set of facts. It is nothing that this Court cannot handle.[5]

## CONCLUSION

For the foregoing reasons, the Court should deny the government's request for a change of venue from Cleveland to Akron.

---

[5] It is worth noting that not all of the district judges have transferred cases like this to Akron. *See, e.g.*, *United States v. Bafna*, No. 1:09-cr-00505 (notice of possible related case filed [Doc. 2], but no subsequent transfer order) (J. Adams); *United States v. Romanini*, No. 1:10-cr-00416 (same).

9

Respectfully submitted,

/s/ *Charles A. Bowers*
Charles A. Bowers (0064075)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
Ph: (216) 241-2838
Fx: (216) 241-3707
cbowers@taftlaw.com

Ralph W. Kohnen (0034418)
Chad R. Ziepfel (0084274)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Ph: (513) 381-2838
Fx: (513) 381-0205
kohnen@taftlaw.com
cziepfel@taftlaw.com

*Attorneys for Defendant Anthony O. Calabrese, III*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Charles A. Bowers*
Attorney for Defendant