**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:11CR437 |
| | ) | |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| ANTHONY O. CALABRESE III, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Anthony O. Calabrese III for a continuance of the trial in this matter, which is currently set to begin on September 5, 2012. (Doc. No. 60.) By his motion, Calabrese seeks a nine month continuance. The government opposes the motion (Doc. No. 61), and Calabrese has replied. (Doc. No. 63.) The Court conducted a hearing on this motion on June 6, 2012, and continued on June 20, 2012.

Because the analysis of the reasonableness of a requested continuance "necessarily depends on all the surrounding facts and circumstances[,]" *Linton v. Perini*, 656 F.2d 207, 210 (6th Cir. 1981) (internal quotation omitted), a review of the factual and procedural history of the case is appropriate. The charges in this case grew out of an expansive investigation, conducted over a number of years, into allegations of public corruption and conspiracy in Cuyahoga County, Ohio. By the Indictment, defendant Calabrese is charged with RICO conspiracy, mail fraud and conspiracy to commit mail fraud and honest services mail fraud, Hobbs Act violations and conspiracy to violate the

Hobbs Act, bribery and conspiracy to commit bribery concerning programs receiving federal funds, and tampering with a witness. A second defendant, Sanford A. Prudoff, was charged with one count each of conspiracy to commit mail fraud and making a false statement to law enforcement, and three counts of making or subscribing a false tax return. (*See* Indictment, Doc. No. 1.) On June 6, 2012, defendant Prudoff entered a plea of guilty to Counts 5 and 15-18 of the Indictment. His sentencing is scheduled for August 16, 2012.

This case was originally randomly assigned to the docket of the Honorable Donald Nugent, and Judge Nugent set the matter for trial to begin November 7, 2011. In accordance with the Court's local rules, the government filed a notice of relatedness, identifying the present case as related to four other pending criminal matters, all of which arose out of the same federal investigation and were assigned to the docket of the undersigned. (Doc. No. 5.) On October 12, 2011, Judge Nugent transferred the present case to the undersigned as a related case under Local Criminal Rule 57.9(b)(3). (Order of Reassignment, Doc. No. 22.).

On October 27, 2011, defendant Calabrese filed his first motion for a continuance. (Doc. No. 33.) In support of the motion, counsel for Calabrese represented that the defense had yet to receive the voluminous electronic discovery promised by the government, and, as a result, it was unrealistic to expect counsel to be prepared by the November 7, 2011 trial date. The Court conducted a hearing on the motion on October 28, 2011. During the hearing, counsel for defendant Calabrese stated that they expected to receive approximately one terabyte of information in the form of electronic discovery.

In addition, counsel for the government indicated that they anticipated the filing of a superseding indictment. At the conclusion of the hearing, the Court granted the motion.

In granting the first motion to continue, the Court found that the ends of justice served by the motion for a continuance outweighed the best interest of the public and the defendants in a speedy trial and that the failure to grant an ends of justice continuance in this instance would deny counsel the reasonable time necessary for effective participation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(A) and (B). Additionally, the Court found that the case was unusual and complex due to the nature of the prosecution and the voluminous discovery involved, and that it was unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by 18 U.S.C. § 3161. (Doc. No. 47, Page ID # 234.) As a result, the Court reset the trial date to September 5, 2012.

On March 13, 2012, defendant Calabrese moved to have the case returned to the random draw. (Doc. No. 55.) On April 27, 2012, the Court denied the motion, finding that the case had been properly transferred to the undersigned pursuant to the Court's local criminal rules. (Doc. No. 58.) The following day (April 28, 2012), defendant Calabrese filed the present motion to continue.

In support of his motion, Calabrese represents that: (1) counsel requires

3

more time to review the 315 gigabytes[1] of electronic discovery produced by the government, which contains millions of documents and thousands of intercepted conversations between co-conspirators; and (2) additional time is needed to conduct an investigation into any and all possible defenses.

On June 6, 2012, the Court conducted a hearing on this and other pending pretrial motions. When the government's counsel advised the Court that they anticipated that a superseding indictment would be returned in this case the following day, the Court continued the hearing with respect to the motion to continue.

On June 7, 2012, the grand jury returned a Superseding Indictment against defendant Calabrese. (Doc. No. 80.) The Superseding Indictment added six new claims against Calabrese, including a second count of tampering with a witness (Count 20), added a new scheme to the RICO conspiracy charge (Indian Hills real estate project), added some general allegations, deleted others, and recast several of the claims.[2] On June 20, 2012, the Court conducted a second hearing on the motion to continue.

Under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), *et seq.*, a defendant is to be brought to trial within 70 days of his indictment unless an exception applies. One such exception provides for the exclusion of:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at

---

[1] In his motion, Calabrese explains that his counsel's previous estimation that the government discovery would amount to approximately 1 terabyte of information was high, and that the discovery received actually contained approximately 315 gigabytes of information. Even though it is less than originally anticipated, the Court recognizes that this is a substantial amount of discovery. (Doc. No. 60-1, Page ID # 302.)

[2] In all, the changes resulted in a net increase of 22 pages of additional counts and allegations. This is significant, especially considering the fact that the Superseding Indictment omitted the 5 pages that were devoted solely to the charges brought separately against co-defendant Prudoff.

4

> the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The Act further sets forth factors, such as the complexity of the case and a party's need for sufficient time to adequately prepare for trial, to guide the Court's consideration of a motion for a continuance. 18 U.S.C. § 3151(h)(7)(B). "Defense counsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance." *United States v. Richardson*, No. 11-3127, 2012 U.S. App. LEXIS 10900, at *8-*9 (6th Cir. May 15, 2012) (internal quotation omitted); *see United States v. Stewart*, 628 F.3d 246, 253-54 (6th Cir. 2010) (in complex case, continuance was in the interest of justice because counsel needed more time to prepare).

The Act provides, however, that the Court must also take into account the public's interest in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). "The Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 547 U.S. 489, 501 (2006).

In addition, there are constitutional concerns that play a role in a Court's consideration of requests by any party for a continuance. The Sixth Amendment right to the effective assistance of counsel includes the right to be represented by properly prepared counsel. "When a defendant's chosen counsel represents that he cannot meet a set trial date and requests a continuance, a trial court considering such a request must be

5

sensitive to the defendant's right to counsel of his choice, as well as the public's interest in the prompt and efficient administration of justice." *Linton*, 656 F.2d at 209. However, "[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *see Mitchell v. Mason*, 325 F.3d 732, 744 (6th Cir. 2003). The denial of a motion for a continuance will amount to a constitutional violation "only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay,' [which results in] "actual prejudice to defense."[3] *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir. 1985) (internal quotations and citations omitted).

Counsel for Calabrese maintain that, even with the exercise of due diligence, they cannot provide defendant Calabrese with effective assistance of counsel unless they are given additional time in which to prepare for trial. They represent that there over 2 million pages of documents, and over 1,600 hours of wiretaps that must be reviewed, and provide a number of calculations as to the amount of time that will be required for attorney and staff review.[4] Defendant Calabrese's attorneys insist that there are simply not enough attorney and staff hours between now and the September 5, 2012 trial date in which to review this material. Further, counsel emphasize that the defense

---

[3] In evaluating the appropriateness of any request for a continuance, district courts consider the following factors: the length of the requested delay; whether other continuances have been requested and granted; the convenience or inconvenience to the parties, witnesses, counsel and the court; and whether the requested delay is for legitimate or dilatory purposes. *Powell v. Collins*, 332 F.3d 376, 396 (6th Cir. 2003); *see Linton*, 656 F.2d at 210 (citation omitted).

[4] Counsel estimate that "it will take approximately 4,766 to 8,068 attorney/paralegal hours to complete a review of the discovery provided by the government. If defense counsel were to limit its review of the audio…then the discovery review will take approximately 4,373 to 7,647 attorney/paralegal hours." (Doc. No. 60-1, Page ID # 308.)

6

will also need time to conduct its own investigation of the "government's wide-ranging allegations and to prepare for a trial that is estimated to last nearly two months." (Doc. No. 60-1, Page ID # 309.).

At the June 20, 2012 continuation of the motion hearing, defense counsel maintained that the recent return of the Superseding Indictment has added considerably to defendant Calabrese's burden in preparing for trial. Counsel represented that the addition of new claims and a new RICO scheme has expanded the scope of discovery, altering defense counsel's strategies and evaluation of the case. Counsel suggested more time is needed to absorb the changes to the allegations against their client, and to formulate a defense to the new (or recast) charges.

The government opposes any further continuance of the trial in this matter. It argues that defendant Calabrese and his counsel have been aware since 2009 that he was facing potential charges in connection with the federal investigation, and that he was the "Attorney 1" that had been previous identified in indictments filed against various co-conspirators. However, it is not realistic to expect counsel to be able to begin to prepare a defense before charges are even filed against their client. This is especially true in a case, such as this one, where parties and counsel are required to enter into a protective order before they may receive any government discovery.[5]

The government also underscores the fact that defense counsel has already had approximately nine months in which to prepare for trial, and that its request of an

---

[5] The government also suggests that Calabrese's counsel may have received some unspecified amount of discovery from counsel for another defendant in September or October of 2011. Again, because the record shows that Calabrese and his attorneys did not enter into the governing protective order until November 2011, it is unlikely that counsel had access to any meaningful government discovery before that time. (*See* Defense Protective Order Acknowledgements and Protective Order, Doc. Nos. 41-46.)

additional nine months would amount to substantially more time than that afforded counsel in many related cases. With the exception of the *United States v. Dimora, et al.,* Case No. 1:10CR387, where counsel was afforded 16 months in which to prepare, none of the cases cited by the government for comparison involved charges of RICO conspiracy. In these non-RICO cases, counsel was able to narrow its review of the discovery to evidence pertaining to the specific factual allegations raised against each client.[6] Here, because RICO conspiracy is charged, Calabrese's counsel must review all discovery relating to the overall conspiracy because evidence of any scheme supporting the overall RICO conspiracy, even those not specifically charged in the Indictment, would be admissible against defendant Calabrese at trial. *See United States v. DeCologero*, 530 F.3d 36, 54 (1st Cir. 2008) (internal quotation and citations omitted).

It is true that defendant Calabrese and his counsel have had access to certain *Giglio* material, as the plea agreements of alleged co-conspirators have become publically available after the Court accepted each agreement. Counsel has also had the benefit of observing portions of the trial in *United States v. Dimora*, *et al.*, which involved some of the schemes charged in the present Indictment. At this trial, counsel was able to hear testimony of certain government witnesses, who are likely to testify in

---

[6] Defense counsel also note that, in this case, there has been substantial discovery relating to defendant Calabrese's law firm and his representation of certain clients over a ten year period, which was not a part of the discovery that was provided in related cases.

8

this matter.[7] Still, counsel was not privy to the FBI 302 summaries and other Jencks Act material that counsel in other trials were given in connection with the testimony of these government witnesses.

With respect to the impact of the Superseding Indictment, at the June 20, 2012 hearing, the government underscored the fact that the only substantive changes involved the new "Indian Hills" RICO scheme, and the new witness tampering count involving the Ameritrust project. According to the government, the remaining new allegations pertained to existing counts. Further, the government insisted that defendant Calabrese has been in possession of the relevant discovery for the new claims since early 2011, and that the new charges will only add an extra day of testimony to the trial.

Given the complexity of the case and the volume of discovery, the Court finds that the ends of justice served by the motion for a continuance as to defendant Calabrese outweighs the best interest of the public and defendant Calabrese in a speedy trial, and that the failure to grant an ends of justice continuance in this instance will deny counsel for defendant Calabrese the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(A). Additionally, the Court renews its previous finding that the case is unusual and complex due to the nature of the prosecution and the voluminous discovery involved, and that it is

---

[7] Because the Court is granting the present motion to continue, in part, defendant Calabrese and his counsel will also have the benefit of observing *United States v. Mohammad*, Case No. 1:10CR389, which involves several of the schemes that are at issue in this case, and is scheduled for trial on September 21, 2012.

unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by 18 U.S.C. § 3161.

The Court further finds that the return of the Superseding Indictment has had the effect of adding complexity to an already complex case. While it may be true (as the government suggests) that four of the new claims are related to the previously charged count relating to Parma City schools, it is clear from the Court's review of the new charging instrument that defense counsel will require additional time in which to address the new and recast claims. *See Gallo*, 763 F.2d at 1523 (trial court erred in failing to afford additional in time in complex case following the filing of a superseding indictment).

Still, the Court finds that Calabrese and his counsel do not need the full nine months requested in the motion. The electronic discovery produced by the government is in searchable format for ease of use. Further, defendant Calabrese is represented by numerous able attorneys with considerable collective experience in litigating this type of complex criminal matter. (*See* Doc. No. 61, Page ID # 318-319.) The Court is, therefore, confident that a five month continuance will afford counsel ample time in which to review all relevant discovery, and prepare an adequate defense. Also, given the fact that the Court has already continued this matter on another occasion, it is unlikely that it will look favorably upon any future requests for continuances.

While the Court is mindful of the public's interest in the swift administration of justice, it must conclude that to deny defendant Calabrese additional time under these circumstances would result in substantial prejudice to him. Therefore, the Court grants the motion, in part. The jury trial shall commence on February 13, 2013

at 8:00 am, with jury selection. Opening statements shall begin on February 19, 2013. An amended trial order, containing all of the dates and deadlines that will govern this case, will be filed separately. Because the deadline for filing pre-trial motions has passed, the Court will only permit counsel to file additional pre-trial motions on the new charges contained in the Superseding Indictment, or for good cause shown for any pre-existing charges.

    **IT IS SO ORDERED**.

Dated: June 21, 2012

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**